**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SANDERSON, ) | |
| ) | |
| Plaintiff, ) | Case No._____ |
| ) | |
| v. ) | |
| ) | |
| GC SERVICES ) | |
| LIMITED PARTNERSHIP, ) | Jury Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Michael Sanderson, brings this action to secure redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") in connection with unlawful collection practices engaged in by Defendant GC Services Limited Partnership.

## VENUE AND JURISDICTION

1.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k.

2.  Venue is proper here under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this District.

## PARTIES

3.  Plaintiff Michael Sanderson, ("Plaintiff") is a consumer as defined at 15 U.S.C. §1692a(3) of the Fair Debt Collection Practices Act ("FDCPA"), who resides in Illinois.

4.  Defendant GC Services Limited Partnership ("Defendant") is a

corporation engaged as a "debt collector" as defined at 15 U.S.C. §1692a(6) of the FDCPA, and is engaged in the business of collecting defaulted consumer debts in this State where Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff is a veteran of the armed forces who was seriously wounded during combat during a tour of duty while serving this country overseas.

6. Plaintiff incurred a credit card debt with USAA incurred for goods and services purchased for personal, family, and household purposes. Plaintiff thus incurred a debt ("alleged debt") as that term is used in U.S.C. §1692a(5).

7. Due to financial difficulty, Plaintiff could not afford to pay the alleged debt, and it went into default.

8. The account corresponding to the alleged debt was thereafter assigned to Defendant for collection from the Plaintiff.

9. On repeated occasions within the past year prior to the filing of this Complaint, agents or employees of Defendant placed telephone calls to Plaintiff's cell phone telephone number, and left voice mail messages in connection with the collection of the alleged debt.

10. 15 U.S.C. §1692e provides as follows:

**15 U.S.C. §1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

…

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

…

11. On March 11, 2014, an agent or employee of Defendant called Plaintiff from telephone number (210) 348-2725, and left a voice mail on Plaintiff's cell phone telephone number, in connection with the collection of the alleged debt.

12. The March 11, 2014 voice mail message was the initial oral communication with Plaintiff regarding the alleged debt.

13. The telephone number (210) 348-2725 is used by Defendant.

14. Under 15 U.S.C. §1692e(11), Defendant was required, during the pendency of the March 11, 2014 voice mail communication left for Plaintiff, to inform Plaintiff that it was attempting to collect a debt, and that any information obtained will be used for that purpose.

15. Defendant's employee or agent did not, at anytime during the March 11, 2014 voice mail communication left for Plaintiff, state that Defendant was attempting to collect a debt, or anything to that effect.

16. Defendant's employee or agent did not, at anytime during the the March 11, 2014 voice mail communication left for Plaintiff, state that any information obtained will be used for the purpose of collecting a debt, or anything to that effect.

17. Plaintiff thereafter called Defendant to inquire about the purpose and reason for its March 11, 2014 voicemail to Plaintiff. In response, an agent or employee of

Defendant, to which Plaintiff was connected, indicated that it was to collect a debt from Plaintiff for a USAA credit card account.

18. On March 12, 2014, an agent or employee of Defendant called Plaintiff from telephone number (210) 348-2708, and left a voice mail on Plaintiff's cell phone telephone number, in connection with the collection of the alleged debt.

19. On March 12, 2014, an agent or employee of Defendant again left a voice mail on Plaintiff's cell phone telephone number, in connection with the collection of the alleged debt.

20. Under 15 U.S.C. §1692e(11), Defendant was required, during the pendency of the March 12, 2014 voice mail communication left for Plaintiff, to inform Plaintiff that it was a debt collector.

21. Defendant's employee or agent did not, at anytime during the March 12, 2014 voice mail communication left for Plaintiff, state that Defendant was a debt collector.

22. Defendant's failure to inform Plaintiff that it was attempting to collect a debt, and that any information obtained from said attempt would be used for that purpose, violates 15 U.S.C. §1692e(11). (See *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 ( S.D.N.Y. 2006); *Ramirez v. Apex Financial Management, LLC*, 567 F.Supp.2d 1035 (N.D.IL 2008)).

23. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

24. Plaintiff incorporates paragraphs 1-23.

25. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a) Defendant violated 15 U.S.C. § 1692e(11) by failing, during the March 11, 2014 voice mail communication left for Plaintiff, to state that Defendant was attempting to collect a debt, or anything to that effect;

   b) Defendant violated 15 U.S.C. § 1692e(11) by failing, during the March 11, 2014 voice mail communication left for Plaintiff, to state that any information obtained during the call would be used for the purpose of debt collection from the Plaintiff;

   c) Defendant violated 15 U.S.C. § 1692e(11) by failing, during the March 12, 2014 voice mail communication left for Plaintiff, to state that it was a debt collector;

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

   (a) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

   (b) Plaintiff's attorney fees and costs;

   (c) Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in this action.

Respectfully submitted,

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo
The Law Office of M. Kris Kasalo, Ltd.
20 North Clark Street, Ste. 3100
Chicago, IL  60602
Tel.  312-726-6160
Fax.  312-698-5054

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.